**SUPREME COURT OF PENNSYLVANIA**
**COMMITTEE ON RULES OF EVIDENCE**

**FINAL REPORT[1]**

**Amendment of Pa.R.E. 902**

On November 4, 2019, upon recommendation of the Committee on Rules of Evidence, the Court ordered the amendment of Pennsylvania Rules of Evidence to renumber current paragraph (13) to paragraph (15) and to add new paragraphs (13) and (14) concerning the self-authentication of certified records generated by an electronic process or system and certified data copied from an electronic device, storage medium, or file.

The Federal Advisory Committee on Evidence considered the expense and inconvenience of producing a witness to authenticate an item of electronic evidence given that the adversary often either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented.  As business records are able to be self-authenticated by certification, see F.R.E. 902(11) & (12), the Advisory Committee proposed rule amendments in 2015 that provided for a similar procedure when the parties can determine in advance of trial that a challenge to authenticity will be made to electronic evidence, and can then plan accordingly.

As approved by the Rules Committee of the Judicial Conference, F.R.E. 902(13) & (14) were adopted, effective December 1, 2017.  Specifically, F.R.E. 902(13) states:

> **Certified Records Generated by an Electronic Process or System.**  A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12).  The proponent must also meet the notice requirements of Rule 902(11).

To establish authenticity under this rule, the proponent must present a certification containing information that would be sufficient to establish authenticity if that information was provided by a witness at trial.  If the certification provides information that would be insufficient to authenticate the record when the certifying person testified, then authenticity is not established under the rule.  The rule specifically allows the

---

[1]     The Committee's Final Report should not be confused with the official Committee Comments to the rules.  Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

authenticity foundation that satisfies F.R.E. 901(b)(9) to be established by a certification rather than the testimony of a live witness.

F.R.E. 902(14) states:

**Certified Data Copied from an Electronic Device, Storage Medium, or File.** Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

This rule sets forth a procedure by which parties can authenticate data copied from an electronic device, storage medium, or an electronic file, other than through the testimony of a foundation witness. A proponent establishing authenticity under this rule must present a certification containing information that would be sufficient to establish authenticity if that information was provided by a witness at trial. If the certification provides information that would be insufficient to authenticate the record when the certifying person testified, then authenticity is not established under the rule.

A fuller discussion, together with examples, of the federal rule amendments can be found at: Hon. Paul W. Grimm *et. al.*, *Authenticating Digital Evidence*, 69 Baylor L. Rev. 1 (2017).

The Committee on Rules of Evidence believed that rules similar to the amended federal rules would be consistent with purpose of the Pennsylvania Rules of Evidence "to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Pa.R.E. 102. At the risk of oversimplification, the federal rules do not alter the requirement of authentication; they merely permit an out-of-court certification to replace in-court testimony.

As reliance on electronic processes and systems increases, so does a sense of familiarity and trustworthiness that records generated by same are done so without the potential bias or error inherent as when records are generated by human involvement. An accurate record generated by computation requires only an understanding of the computation process or system to be authenticated. Pa.R.E. 902(13) permits this task to be accomplished by certification rather than live testimony, which would eliminate unnecessary expense and time.

Similarly, a comparison of a unique identifier produced by an algorithm (*i.e.*, hashtag) in the source data with the copied data can be used to authenticate the copied

2

data as being identical to the source data.  Pa.R.E. 902(14) allows the authentication to be accomplished by certification and without the need for extrinsic evidence.

Broadly stated, the use of certifications in lieu of testimony is not a foreign concept in Pennsylvania.  *See, e.g.*, Pa.R.Crim.P. 574 (permitting the admission of forensic lab reports by certification in lieu expert testimony).  More specifically, the use of certifications in lieu of authentication testimony has long been acceptable by the Rules of Evidence and statute.  *See* Pa.R.E. 902(4), (11), & (12); 42 Pa.C.S. § 6106 (self-authentication of documents filed in public offices).

The language of new paragraphs (13) and (14) does not vary from federal counterparts.  Portions of the federal rule commentary were considered beneficial in understanding the operation and application of the rules.  Therefore, much, but not all, of the federal commentary appears in the revised Comment to Rule 902.  To maintain parallel numbering with the F.R.E. 902, current paragraph (13) of Pa.R.E. 902 was renumbered to (15).

This amendment becomes effective January 2, 2020.  The rule text being amended reflects the amendments of paragraphs (4), (6), and (12) of Pa.R.E. 902, effective January 1, 2020.